UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD ARZOLA, | Case No.: 3:18-cv-00508-RCJ-WGC |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| BRIAN WARD, et. al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action for failure to prosecute.

**I. BACKGROUND**

Plaintiff was incarcerated within the Nevada Department of Corrections (NDOC) when he filed his pro se civil rights action. (ECF No. 4.) The court screened the complaint and allowed him to proceed with Eighth Amendment claims against John Owens, Dr. Karen Gedney, Dr. Marsha Johns, Brian Ward and Dr. Naughton. (ECF Nos. 3, 6.)

Plaintiff was subsequently released and filed a notice of change of address to an address in Del Rio, Texas. (ECF No. 26.)

Plaintiff subsequently filed a document requesting an enlargement of time for unidentified deadlines, noting he would be in transition to a federal institution. The court

extended the scheduling order deadlines. (ECF Nos. 32, 33.) Defendants then sought and were granted several extensions of the scheduling order deadlines. (ECF Nos. 35, 36, 38, 39.)

On March 8, 2021, Defendants filed their motion for summary judgment. (ECF Nos. 40, 42-1 to 42-19, errata at ECF Nos. 45, 45-1 to 45-4.) Plaintiff did not timely file a response. On April 12, 2021, the court gave Plaintiff an additional 30 days to file a response. (ECF No. 46.) Again, Plaintiff did not timely file a response, and the court had no other contact from Plaintiff indicating he otherwise intends to continue prosecuting this action.

On August 26, 2021, the court entered an order to show cause giving Plaintiff 21 days to file and serve a notice of intent to prosecute this action. He was cautioned that a failure to do so may result in dismissal of this action with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). (ECF No. 48.)

To date, Plaintiff has not filed a response to the order to show cause, and the court now recommends dismissal.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

Plaintiff has not indicated an intent to prosecute this action after being released from prison, despite the court giving him numerous opportunities to do so.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**, and **DENYING AS MOOT** Defendants' pending motion for summary judgment (ECF No. 40).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 21, 2021

_William G. Cobb_
William G. Cobb
United States Magistrate Judge